UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 13-3144**

------------------------------------------------------------X
RAHIM FOWLER,

                                                13 Civ.

        Plaintiff,

    vs.                           **AMON, CH.J.** **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER WILLIAM
DUGAN, POLICE OFFICERS JOHN DOE and
RICHARD ROE (names and number of whom are        **JURY TRIAL**
unknown at present), and other unidentified members of   **DEMANDED**
the New York City Police Department

                                   **POHORELSKY, M.J.**

        Defendants
------------------------------------------------------------X

        Plaintiff by and through his attorneys, Emery Celli Brinckerhoff & Abady LLP, for his complaint alleges as follows:

### PRELIMINARY STATEMENT

    1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while walking out of his building, was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, caused the unjustifiable arrest of plaintiff, and strip-searched plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## PARTIES

5. The plaintiff, Rahim Fowler, is a resident of Kings County. Mr. Fowler is a citizen of the United States, and is and was at all times relevant herein a resident of the City of New York, State of New York.

6. Defendant William Dugan, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

7. New York City Police Officers John Doe and Richard Roe are and were at all times

relevant herein officers, employees and agents of the New York City Police Department.

8. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

10. On March 4, 2012, at approximately 7:00 p.m., plaintiff Rahim Fowler, was walking out of his building located at 241 Hoyt Street, Brooklyn, New York, to go to the store.

11. As he reached the first floor, plaintiff was confronted in the stairwell by two police officers including defendant police office William Dugan.

12. For no apparent reason the officers stopped plaintiff and told him to get against the

3

wall.

13. Plaintiff was then pushed toward the wall.

14. With his face against the wall plaintiff was searched by the defendant police officers.

15. Plaintiff repeatedly asked the officers what he had done and why they were searching him.

16. The defendants informed plaintiff that he was in a known drug building and that he looked like a drug dealer.

17. Plaintiff informed the officers that he lived in the building.

18. Defendants ignored plaintiff and continued to search him.

19. After searching plaintiff the defendant officers then proceeded to handcuff him even though they had found nothing on his person.

20. After plaintiff was handcuffed they asked him his name and plaintiff told them his name and spelled his first name for the officers.

21. Defendant Dugan responded to plaintiff by saying that is not how you spell Rahim.

22. The defendant officers then unbuckled plaintiffs belt, pulled down his pants, and began searching in his underwear.

23. While conducting this search of plaintiff, plaintiff's aunt, April Bryant, walked into the building and observed plaintiff with his pants down.

24. Ms. Bryant asked the officers what they were doing to her nephew and they told her to get back.

25. Ms. Bryant moved back but continued to watch what was happening.

26. The defendant officers found nothing on plaintiff but they arrested him anyway.

4

27. Plaintiff was brought to the 76th precinct where he repeatedly asked why he had been arrested.

28. While at the precinct plaintiff was brought into a cell where he was told to pull down his pants.

29. Plaintiff was then brought out of the cell by the defendant officers and taken to a bathroom.

30. Inside the bathroom the defendant officers told plaintiff to take off his clothes and pull down his boxers.

31. When plaintiff complained about doing this the defendant officers told him that if he didn't they would force him.

32. Plaintiff complied with the defendants' orders and removed all his clothes.

33. While standing naked plaintiff was told to bend down and squat.

34. This plaintiff refused to do.

35. After plaintiff was strip searched he was brought back into the cell where he continued to inquire about why he had been arrested.

36. Plaintiff was told that he was being charged with False Personation.

37. At no time did plaintiff misrepresent his name or date of birth or address to the defendant police officers.

38. Plaintiff was later taken the hospital because of his asthma condition and then to Central Booking.

39. After being at Central Booking for several hours and after being incarcerated for almost twenty-one hours plaintiff was released from jail when the Brooklyn District Attorney's

Office reviewed the case and declined to prosecute.

40. The false imprisonment, false arrest, battery, and strip search of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

41. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

42. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. Defendant Police Officers William Dugan, John Doe and Richard Roe who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

### Strip Search

44. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

45. The strip search of plaintiff by defendants who were acting in concert and within the scope of their authority was an objectively unreasonable search and seizure of plaintiff in violation of his right to be free of an unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States.

## THIRD CAUSE OF ACTION

### Battery

46. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

47. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner strip searched plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

48. Defendant Police Officers William Dugan, John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of

New York and the New York City Police Department, which are therefore responsible for their conduct.

49. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### False Arrest

50. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length herein.

51. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

52. Defendant Police Officers William Dugan, John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

53. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

54. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

55. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendant Police Officers William Dugan, John Doe and Richard Roe individuals who were unfit for the performance of police duties on March 4, 2012, at the aforementioned location.

56. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

57. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

    a.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b.    That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:    New York, New York
May 30, 2013

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
Earl S. Ward (EW 2875)

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

Attorneys for Plaintiff